O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GUTIERREZ, ) | Case No. 21-cv-8435-DDP-JPR |
| ) | |
| Petitioner, ) | **ORDER RE: PETITIONER'S** |
| ) | **MOTION TO CONFIRM FINAL** |
| v. ) | **ARBITRATION AWARD AND FOR** |
| ) | **FURTHER ATTORNEYS' FEES AND** |
| NABORS COMPLETION & ) | **COSTS** |
| PRODUCTION SERVICES CO., n/k/a ) | |
| C&J WELL SERVICES, INC., a Delaware ) | |
| corporation ) | |
| ) | [Dkt. 17] |
| Respondent. ) | |

Presently before the court is Petitioner David Gutierrez's ("Gutierrez") Petition to Confirm Final Arbitration Award and for Further Attorneys' Fees and Costs, and to Enter Judgment Against Respondent Nabors Completion Production Services Co. ("Nabors"). (Dkt. 17.) Having considered the parties' submissions, the court adopts the following Order.

///

## I. BACKGROUND

Gutierrez performed oil well abandonment work for Nabors in the Port of Long Beach, as part of a larger project to replace the Gerald Desmond Bridge. (Dkt. 18-8.) On April 2, 2015, former Nabors employees who performed similar work on the project, filed a putative class action in state court against Nabors for violations under the California Labor Code, on behalf of themselves and similarly situated employees, including Gutierrez. (Dkt. 19-1, Costello Decl. ¶ 3.) On May 7, 2015, Nabors removed the action to this Court, and thereafter filed a motion to compel arbitration pursuant to the parties' arbitration agreement. (*Id.*) On October 13, 2015, this Court denied the motion to compel arbitration. (*Id.* ¶ 4.) Nabors appealed to the Ninth Circuit. (*Id.*) On February 13, 2018, the Ninth Circuit reversed and remanded the court's denial of the motion to compel arbitration. (Dkt. 18-1, Donahoo Decl. ¶ 12, Ex. B.)

On March 30, 2018, Gutierrez submitted a Demand for Arbitration to JAMS, asserting the following wage-and-hour violations: (1) failure to pay prevailing wages (Cal. Lab. Code §§ 1194, 1771, 1772, 1774 *et seq.*); (2) waiting time penalties (Cal. Lab. Code § 203); (3) inaccurate wage statements (Cal. Lab. Code § 226(a)); and (4) unfair competition (Cal. Bus. & Prof. Code § 17200). (*Id.* ¶ 13, Ex. C.) Thereafter, Honorable Franz E. Miller (Ret.) was appointed as arbitrator ("Arbitrator"). (*Id.* ¶ 19, Ex. F.) On December 23, 2020, Gutierrez filed a motion for summary adjudication pursuant to JAMS Employment Rule 18. (*Id.* ¶ 20.) On January 23, 2021, the Arbitrator denied Gutierrez's motion, finding there were triable issues of fact as to Nabors' liability. (*Id.* ¶ 21.) Between March 8 and March 12, 2021, the matter proceeded to an arbitration hearing on the issues of liability and damages. (*Id.* ¶ 23.) On June 10, 2021, the Arbitrator ruled on both issues and issued an Interim Arbitration Award. (*See id.* ¶ 23, Ex. G.) Through the Interim Arbitration Award, the Arbitrator awarded Gutierrez $148,245.75 in unpaid wages, $106,303 in statutory interest thru June 10, 2021, and continuing at $40.62 per day from June 11, 2021, and confirmed Gutierrez's entitlement to fees. (*Id.*) The Arbitrator

2

denied Gutierrez's request for liquidated damages, waiting time penalties, and inaccurate wage statement penalties. (*Id.*) On September 30, 2021, the Arbitrator granted Gutierrez's motion for attorneys' fees and costs pursuant to California Labor Code Section 1194(a). (*Id.* ¶ 24.) On October 18, 2021, the Arbitrator issued a Final Arbitration Award, incorporating its previous findings from the Interim Arbitration Award, and awarding Gutierrez $315,516 in attorneys' fees and $11,516 in costs. (*Id.* ¶ 25, Ex. H.)

Ronquillo now moves to confirm the Final Arbitration Award and seeks $12,688 in post-award attorneys' fees and $400 in costs for filing of the initial complaint in this confirmation action. (*Id.* ¶¶ 44, 47.)

**II. LEGAL STANDARD**

    **A.  Confirmation of Arbitration Award**

Under Section 9 of the Federal Arbitration Act ("FAA"), upon application by a party for an order confirming an arbitration award, "the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9. "Section 10 lists grounds for vacating an award, while § 11 names those for modifying or correcting one." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). The grounds for vacating an arbitration award are "limited" and "exclusive." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the statute, which is unambiguous in this regard." *Id.*

As relevant here, Section 10 of the FAA permits vacatur where "the arbitrators exceeded their powers . . . ." 9 U.S.C. § 10. Arbitrators "exceed their powers" "not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational or exhibits a manifest disregard of law." *Id.* at 997 (internal quotations omitted) (citations omitted). "To vacate an arbitration award on [the ground of manifest disregard of the law], '[i]t must be clear from the record that the arbitrators

3

recognized the applicable law and then ignored it.'" *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010)).

### B. Attorneys' Fees and Costs

An employee who prevails in a civil action pursuant to California Labor Code Section 1194(a) is entitled to recover reasonable attorneys' fees and costs. *See* Cal. Lab. Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover . . . reasonable attorney's fees, and costs of suit.").

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, a prevailing party "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n. 12. The prevailing party seeking attorneys' fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable. *Id.* This limited obligation reflects the broader policy that a "request for attorney's fees should not result in a second major litigation." *Id.* at 437.

### III. DISCUSSION

#### A. Confirmation of Arbitration Award

Nabors contends that the Arbitrator exhibited a manifest disregard of the law through several alleged errors on the issues of liability and damages. (Opp. at 1-2.)

Specifically, Nabors argues that the Arbitrator "exceeded his powers by expressing a manifest disregard of law in":

> (1) rejecting, and giving no deference to, the Labor Commissioner's decision that the [Port of Long Beach] Project was "not within the jurisdiction of California Public Work Law" and therefore exempt from prevailing wage requirements; (2) awarding [Gutierrez] prevailing wages even though there are no prevailing wage rates—or applicable classifications—established by the Department of Industrial Relations ("DIR") for oil well plug and abandonment work; and (3) finding that the "Operating Engineer, Group 11" prevailing wage rates for hoist rig operators applied to all of [Gutierrez's] work, even though [Gutierrez] did not operate the controls of the hoist rig used on the [Port of Long Beach] Project.

(*Id.*)  Notably, Nabors fails to identify any instances in the record where the Arbitrator "recognized the applicable law and then ignored it."  *See Biller*, 668 F.3d at 665.  The alleged errors are based on misinterpretation or misapplication of the law—such legal errors are insufficient to vacate an Arbitration Award.  "The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4))."  *Kyocera*, 341 F.3d at 1003.  Finding no manifest disregard of the law exhibited in the Arbitration Award, the court declines to vacate the Arbitration Award.

The court therefore grants Gutierrez's Petition to confirm the Arbitration Award.

### B.  Attorneys' Fees and Costs

As the prevailing party in this action, Gutierrez is entitled to reasonable attorneys' fees and costs, including fees incurred in connection with the confirmation action.  *See*

Cal. Lab. Code § 1194(a).[1] Thus, the only issue before the court is whether the requested fees and costs are reasonable.

Gutierrez seeks $12,668 in attorneys' fees. The court finds, and Nabors does not dispute, that the rates set forth by Gutierrez's counsel are within the range of reasonable rates for attorneys in the local community, taking into consideration the "experience, skill, and reputation of the attorney." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). Specifically, the court finds that the following rates are reasonable:

- Richard E. Donahoo, Attorney; $700/hour
- R. Chase Donahoo, Attorney: $425/hour

---

[1] Nabors contends, as it did in the related confirmation actions, *see Ridgeway v. Nabors Completion & Production Servs. Co*, No. 15-cv-3436-DDP-JPR, 2021 WL 2646902, at *3 (C.D. Cal. June 25, 2021), *Ridgeway v. Nabors Completion & Production Servs. Co.*, No. 15-cv-3436-DDP-JPR, 2021 WL 3184226, at *3 (C.D. Cal. June 25, 2021), and *Ronquillo v. Nabors Completion & Production Servs. Co*, No. 21-cv-5535-DDP-JPR (C.D. Cal. Nov. 22, 2021), that Gutierrez is not entitled to post-award fees. (Opp. at 11-12.) Most recently, this Court ruled in *Ronquillo* that as the prevailing party in the underlying wage-dispute, Ronquillo was entitled to attorneys' fees and costs pursuant to California Labor Code §§ 1194(a) and 226(e), including post-award fees. Here, the court is not inclined to deviate from its ruling. As this Court previously stated in *Ronquillo*:

> [W]hen asking what is necessary to afford a party complete relief at this stage when such disputes are covered by the arbitration agreement, it may appear superficially appealing to remand the arbitration award back to the arbitrator. To do so, however, would likely involve delay and expense inconsistent with the underlying goals of the FAA. . . . [A] remand would not necessarily achieve finality because a party could contest the fee award before the arbitrator, and at a second confirmation proceeding before this court, and so forth. Thus, in order to avoid such a "back-and-forth" approach, the court finds it appropriate to determine the fee award for the confirmation portion of the litigation, rather than referring the matter back to the arbitrator.

No. 21-cv-5535-DDP-JPR (Dkt. 31, Order.) For these reasons, the court finds that the issue of post-award fees is properly before this Court.

Moreover, Gutierrez's counsel has submitted detailed billing records of work performed and an accompanying declaration.  (Dkt. 18-1, Donahoo Decl.; *id.* ¶ 38, Ex. I.)  Mr. Donahoo's motion and declaration indicates that Gutierrez's counsel billed a total 21.8 hours in relation to the preparation of the motion to confirm the arbitration award. (Mot. at 15; Donahoo Decl. ¶ 38.)  Of these hours, Gutierrez claims that 16.8 hours are attributable to Mr. R. Chase Donahoo, 5 hours are attributable to Mr. Richard Donahoo, and 3 hours are attributable to time Mr. Richard Donahoo anticipated he would spend preparing the reply and attending the hearing.  (Mot. at 15; Donahoo Decl. ¶¶ 38, 45-46.)  However, the memoranda and declaration in support of Gutierrez's motion to confirm the arbitration award and request for post-award fees are near-identical to the briefing and issues addressed in related cases, *Ridgeway v. Nabors Completion & Production Servs. Co*, No. 15-cv-3436-DDP-JPR, 2021 WL 2646902, at *3 (C.D. Cal. June 25, 2021), *Ridgeway v. Nabors Completion & Production Servs. Co.*, No. 15-cv-3436-DDP-JPR, 2021 WL 3184226, at *3 (C.D. Cal. June 25, 2021), and *Ronquillo v. Nabors Completion & Production Servs. Co*, No. 21-cv-5535-DDP-JPR (C.D. Cal. Nov. 22, 2021).  For this reason, the court has adjusted these hours for reasonableness.  Specifically, the court has subtracted 4.8 hours from the time billed by Mr. R. Chase Donahoo in connection with the preparation of the confirmation motion.  The court has deducted 2 hours from the amount of time billed by Mr. Richard Donahoo to reflect the reduced amount of time reasonably required to revise or supplement the moving papers.  Moreover, given that the court decided to take this matter under submission without a hearing, the court has subtracted 1.5 hours from the amount of time Mr. Richard Donahoo anticipated billing for preparing for and attending the hearing.

///

///

7

Applying the approved rates to the adjusted hours, the court finds that the lodestar method yields the following result:

| Attorney | Reasonable Rate | Hours | Lodestar |
|---|---|---|---|
| Richard E. Donahoo | $700 | 4.5 | $3,150 |
| R. Chase Donahoo | $425 | 12 | $5,100 |
| Total | | | $8,250 |

With these adjustments, the court finds that the chart above reflects the reasonable number of hours expended by counsel in relation to the confirmation action and request for post-award fees. Thus, Gutierrez is entitled to $8,250 in fees and $400 for the cost of filing the complaint.

**IV. CONCLUSION**

For the reasons stated above, the court GRANTS Gutierrez's Petition to Confirm the Arbitration Award. The Final JAMS Arbitration Award issued by Arbitrator Hon. Franz E. Miller (Ret.) on October 18, 2021, in the Arbitration JAMS Case No. 1220058932, is confirmed. This Court shall enter judgment in favor of David Gutierrez and against Nabors in the amount of $148,245.75 in wages, $106,303 in statutory interest through June 10, 2021, and continuing at $40.62 per day from June 11, 2021, and $315,516 in attorneys' fees and $11,516 in costs as awarded by the Arbitrator.

The court further GRANTS Gutierrez's request for post-award attorneys' fees in the amount of $8,250 and for costs in the amount of $400.

**IT IS SO ORDERED.**

Dated: 3-7-2022

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

8